# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

SETH ROGERS, individually and as
father and next friend of S.W.D.R.,
a Minor,

*Plaintiffs,*

*v.*

Case No. 3:26-cv-981

DEPARTMENT OF CHILDREN'S SERVICES,
a Tennessee state agency; MARGIE QUIN,
in her official and individual capacities;
LESLEY KEELE RITCHIE, in her individual
capacity; LAURA BOSWELL, in her individual
capacity; AMIRA J. WALKER, in her individual
capacity; and DOES 1–15,

*Defendants.*

## PLAINTIFFS' MOTION TO SEAL AND STRIKE ORIGINAL COMPLAINT

Plaintiffs Seth Rogers, individually and as father and next friend of S.W.D.R., a Minor,

by and through their undersigned counsel, respectfully move this Court pursuant to Federal Rule

of Civil Procedure 5.2 and the Court's inherent authority to (1) seal the original Complaint filed

in this action and (2) strike the docket entry for the original Complaint (ECF No. 1) to prevent

public access to the filing containing the minor's full name. In support thereof, Plaintiffs state as

follows:

## I.      BACKGROUND

On June 22, 2026, Plaintiffs filed a Complaint for Damages and Injunctive Relief in the

above-captioned action. The original Complaint inadvertently contained the full legal name of

S.W.D.R., the minor plaintiff and the missing child at the center of this civil rights action.

Federal Rule of Civil Procedure 5.2(a)(3) provides that a party making an electronic or paper

filing that contains information about a minor must use only the minor's initials rather than the minor's full name.

Following the filing, the Court detected this deficiency before the case was served and notified counsel that Case No. 3:26-cv-981 had been temporarily restricted to protect the minor's identity, and that Plaintiffs were required to (1) file a motion to seal the original Complaint and (2) file an amended complaint and civil case cover sheet complying with Rule 5.2. Plaintiffs are concurrently filing an Amended Complaint and civil case cover sheet in which all references to the minor's full name have been replaced with the initials S.W.D.R., in compliance with Rule 5.2(a)(3).

## II.  ARGUMENT

### A.  The Minor's Full Name Constitutes Information Required by Federal Statute to Be Maintained in Confidence, Satisfying the Standard for Sealing.

There is a well-established presumption of public access to court records under the common law and the First Amendment. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). To overcome this presumption, the proponent of sealing must demonstrate a compelling interest and show that the seal is narrowly tailored to serve that reason. *Shane Grp.*, 825 F.3d at 305–06; *accord Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016).

The Sixth Circuit has expressly recognized that "information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" is among the categories of information that typically suffice to overcome the presumption of public access. *Shane Grp.*, 825 F.3d at 308. That recognition applies with particular force here.

Federal Rule of Civil Procedure 5.2(a)(3) expressly requires that filings involving a minor's name include only the minor's initials. Rule 5.2 is not merely a housekeeping provision, it reflects a congressional and judicial determination that minors' identities in federal litigation must be protected as a matter of federal law. The original Complaint discloses the minor's full legal name throughout, in the caption, in repeated headings, and throughout the factual allegations. Sealing that document is the precise remedy contemplated by the rule.

The Court has already recognized, by temporarily restricting this filing, that the minor's identity warrants protection. Plaintiffs seek an order formalizing that protection by placing the original Complaint under seal for the duration of this litigation.

### B. Sealing Is Narrowly Tailored: Only the Original Complaint Is Sought to Be Sealed, and a Compliant Substitute Is Filed Concurrently.

The Sixth Circuit requires that a motion to seal demonstrate compelling reasons and that any seal be narrowly tailored, with the proponent analyzing the document at issue specifically and providing factual support and legal citations. *Shane Grp.*, 825 F.3d at 305–06. Plaintiffs address the original Complaint specifically: it is a single document containing the minor plaintiff's full legal name in the caption and throughout, rendering targeted redaction impractical without wholesale rewriting. Because Plaintiffs are simultaneously filing a fully compliant Amended Complaint that sets forth the identical allegations with the minor's initials substituted throughout, sealing only the original Complaint achieves perfect narrow tailoring. The public record will be complete as to the substance of Plaintiffs' claims through the Amended Complaint; only the identity-disclosing original is withheld.

Plaintiffs are not seeking to seal the entire docket, any substantive motion, or any document other than the single original Complaint that inadvertently disclosed the minor's full name. No prejudice to Defendants or to the public interest in open proceedings will result,

because the substance of Plaintiffs' claims is fully accessible in the Amended

Complaint. *See* Fed. R. Civ. P. 5.2(d) (permitting concurrent filing of a redacted version for the

public record).

      **C.**    **The Particular Circumstances of This Case Reinforce the Compelling Interest in Sealing.**

S.W.D.R. is a fifteen-year-old child who has been missing since February 26, 2024. He

has documented disabilities including Autism Spectrum Disorder, Severe Combined Type

ADHD, and 6Q 27 Chromosome Deletion Syndrome, and a documented history of prior sexual

abuse reflected in DCS's own case records. An AMBER Alert was issued by the Tennessee

Bureau of Investigation. As of the date of this motion, S.W.D.R. has not been found.

Public disclosure of the minor's full name in the court record, connected to detailed

allegations of sexual abuse history, disability, and possible criminal conduct by household

members, could compromise ongoing law enforcement efforts to locate S.W.D.R., expose him to

additional danger if located by the wrong parties, and inflict further harm upon the family. The

combination of Rule 5.2's mandatory protection, the Sixth Circuit's recognition in *Shane Group*

that a minor sexual abuse victim's name warrants sealing, and the active, unresolved missing-

child investigation together constitute the compelling interest required by this Circuit.

**III.**    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order (1)

permanently sealing the original Complaint (ECF No. 1) and (2) striking the docket entry for

ECF No. 1 to eliminate public access to any record containing the minor's full name. Courts

have inherent authority to strike docket entries containing information that federal law requires

to be protected, and Federal Rule of Civil Procedure 5.2(d) expressly authorizes the Court to

order that a filing be made under seal without redaction, and Rule 5.2(e) further authorizes the

Court to require additional redaction or limit public remote electronic access for good cause. The concurrent filing of a Rule 5.2-compliant Amended Complaint ensures that the full substance of Plaintiffs' allegations remains on the public docket, while the filing bearing the minor's full name is removed from public access. The relief sought is narrowly tailored, fully consistent with Sixth Circuit authority under *Shane Group* and *Rudd Equipment*, and required by the express terms of Federal Rule of Civil Procedure 5.2.

Dated: July 17, 2026

**DRE, A.P.C.**

_____

Darren M. Richie
Attorney for Plaintiffs
DRE, A.P.C.
1641 Mallory Lane Suite 100
Brentwood, TN 37027
(213) 265-7888
Darren@drelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2026, a true and correct copy of the foregoing Motion to Seal

Original Complaint was served upon all counsel of record via the Court's CM/ECF electronic

filing system.

_____

Darren M. Richie