IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SETH ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:26-cv-00981 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CHILDREN'S SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE UNDER RULE 4(m) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Seth Rogers, as father and next friend of his minor child, moves under Federal Rule of Civil Procedure 4(m) for an order extending the time to complete service on all Defendants to thirty days after entry of the Court's order. The motion rests on this memorandum, the accompanying Declaration of Darren M. Richie, and the record.

## I. BACKGROUND

Plaintiff filed this action on July 15, 2026. Ninety days from that date was October 13, 2026, and service has not yet been completed. On July 16, 2026, the Clerk directed counsel to associate local counsel under Local Rule 83.01(d), and the next day counsel moved to seal and strike the original complaint so that the minor would be identified by initials only. (Richie Decl. ¶¶ 3 and 4.)

Counsel, a member of this Court's bar, initially understood his own admission to satisfy the local council directive and later moved for a waiver or extension (Doc. No. 10). Tennessee counsel Jesse Montagnino was admitted on November 12, 2026 (Doc. No. 13) and has appeared.

On November 13, 2026, Plaintiff filed an Amended Complaint, and the initial case management conference has been reset to January 12, 2027 (Doc. No. 15). (Richie Decl. ¶¶ 5 through 7.)

Counsel understood, apparently mistakenly, that the case should NOT advance until the local counsel question was resolved, and he held service until it was. He accepts that the local counsel requirement did not suspend Rule 4(m), and he brings this motion before the Court has had to raise the issue. Plaintiff is requesting summonses for every Defendant and will serve each upon issuance. (Richie Decl. ¶¶ 8 and 9.)

## II. ARGUMENT

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Where the plaintiff shows good cause, the Court "must extend the time for service for an appropriate period." *Id.* Absent good cause, the Court retains discretion to permit late service. *United States ex rel. Sy v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). In exercising that discretion, the Court considers whether an extension would be well beyond the timely service of process; whether it would prejudice the defendant beyond the inherent burden of defending the suit; whether the defendant had actual notice of the lawsuit; whether refusal would substantially prejudice the plaintiff, as where the action would be time barred; whether the plaintiff made good faith efforts to effect service or was diligent in correcting deficiencies; whether the plaintiff is a pro se litigant; and whether other equitable factors bear on the unique circumstances of the case. *Oakland Physicians*, 44 F.4th at 569.

Taken together, the considerations support a short extension. Plaintiff seeks thirty days. No Defendant has appeared, the initial case management conference is not until January 12,

2027, and no deadline running in any Defendant's favor has passed, so an extension causes no prejudice beyond the ordinary burden of defending the action. Nashville television news reported the filing when it was made, describing claims against the Department of Children's Services; Plaintiff does not offer that coverage as a substitute for service, but it bears on prejudice. (Richie Decl. ¶ 10.)

Refusal would prejudice Plaintiff substantially. Dismissal would force him to file and serve the action anew and would expose claims on behalf of a child to procedural defenses that a thirty-day extension avoids. Plaintiff has acted to correct each deficiency as it was identified. Plaintiff is represented by counsel, but the remaining equitable considerations favor him: the action concerns a missing child and the agency charged with protecting the child, and the interest in resolving such claims on the merits is substantial.

## III. CONCLUSION

Plaintiff respectfully requests that the Court extend the time to complete service on all Defendants to thirty days after entry of its order. A proposed order accompanies this motion.

## LOCAL RULE 7.01 STATEMENT

No Defendant has appeared, and no Defendant is represented by counsel known to Plaintiff. The conference requirement of Local Rule 7.01(a)(1), which applies when all parties are represented by counsel, therefore does not apply.

Dated: November 17, 2026

Respectfully submitted,

/s/ Darren M. Richie
Darren M. Richie, Esq. (Cal. SBN 316116)
DRE, A.P.C.
1131 4th Avenue South, Suite 230
Nashville, Tennessee 37210
Telephone: 213.265.7888
darren@drelaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November 17, 2026, I filed this motion, the Declaration of Darren M. Richie, and the proposed order through the Court's CM/ECF system, which will send notice to all counsel of record. I further certify that I will serve a copy on each Defendant together with the summons and amended complaint.

/s/ Darren M. Richie
Darren M. Richie

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| SETH ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:26-cv-00981 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CHILDREN'S SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF DARREN M. RICHIE IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE**

I, Darren M. Richie, declare:

1. I am counsel of record for Plaintiff Seth Rogers in this action and the founding partner of DRE, A.P.C. I have personal knowledge of the facts stated below and, if called, could testify to them.

2. I am licensed to practice law in California, State Bar No. 316116, and I am a member of the bar of this Court.

3. Plaintiff filed this action on July 15, 2026. On July 16, 2026, the Clerk directed me to associate local counsel under Local Rule 83.01(d).

4. On July 17, 2026, I moved to seal and strike the original complaint so that the minor would be identified by initials only.

5. Because I am a direct and sworn member of this Court's bar, I initially understood my own admission to satisfy the local council directive. When I recognized that Local Rule

83.01(d)(1) also requires membership in the Tennessee bar, I moved for a waiver or, alternatively, an extension of time (Doc. No. 10).

6. The reason that motion was not filed contemporaneously in response to the July 17, 2026, order and only later is that I genuinely believed the Order was mistakenly entered as I thought the direct and sworn membership into this court sufficed.

7. Tennessee counsel Jesse Montagnino was admitted on November 12, 2026 (Doc. No. 13) and has appeared in this action.

8. On November 13, 2026, I filed an Amended Complaint. The initial case management conference has been reset to January 12, 2027 (Doc. No. 15).

9. I understood, mistakenly, that the case should NOT advance until the local counsel question was resolved, and I held service until it was. That was my error, not my client's. I recognize that the local counsel requirement did not suspend Rule 4(m).

10. My office is requesting summonses for every Defendant and will serve each upon issuance. I will file proof of service promptly.

11. Nashville television news reported this action when it was filed, describing claims against the Department of Children's Services.

12. No Defendant has appeared in this action as of the date of this declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 17, 2026.

/s/ Darren M. Richie
Darren M. Richie

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| SETH ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:26-cv-00981 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CHILDREN'S SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Extension of Time to Complete Service Under Rule 4(m). Having considered the motion and the supporting declaration, the Court finds that a discretionary extension of the time for service is warranted.

The motion is GRANTED. Plaintiff shall complete service on all Defendants, and file proof of service, within thirty days after entry of this Order.

IT IS SO ORDERED.

______________________________
United States District Judge